UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE HARRY PEGG,

    Petitioner,

v.                                     Case No: 2:16-cv-558-FtM-29CM
                                       Case No. 2:94-CR-38-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #613)[1] Memorandum of Law and Brief (Cv. Doc. #2) filed on July 14, 2016. The government filed a Motion to Dismiss (Cv. Doc. #12) in response to the motion, and petitioner filed a Motion in Opposition (Cv. Doc. #14). Petitioner's motions are due to be dismissed, and the Court finds no evidentiary hearing is required.

**I.**

On November 2, 1994, a federal grand jury in Fort Myers, Florida returned a two-count [amended] Indictment (Cr. Doc. #152) charging petitioner and others with conspiracy to import

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

marijuana, and with aiding and abetting the attempt to import marijuana. Petitioner entered a plea of guilty to Count One pursuant to a Plea Agreement (Cr. Doc. #179) with Count Two to be dismissed at the time of sentencing. Judgment (Cr. Doc. #312) was issued on February 20, 1996, and petitioner was sentenced to a term of imprisonment of 360 months as to Count One with credit for time served, followed by a term of supervised release. No direct appeal followed.

On February 2, 1007, petitioner filed a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cr. Doc. #348). The motion was considered on the merits and denied on April 28, 1999. (Cr. Doc. #413.) On May 12, 1999, petitioner filed a Notice of Appeal (Cr. Doc. #415) from the Order, and on June 12, 2001 that decision was affirmed. Pegg v. United States, 253 F.3d 1274 (11th Cir. 2001). Rehearing en banc was denied, Pegg v. United States, 273 F.3d 395 (11th Cir. 2001), as was petitioner's petition for writ. Pegg v. United States, 535 U.S. 970 (2002).

On January 11, 2006, the Eleventh Circuit denied petitioner's application for leave to file a second or successive motion based on Booker v. United States, 543 U.S. 2002 (2005) because Booker had not been made retroactive on collateral review. (Cr. Doc. #599.)

**II.**

In July 2016, more than a decade later, petitioner filed a Motion for Declaratory Judgment and Conditional Motion to Vacate Criminal Judgment & Conviction (Cr. Doc. #611) and Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #613). The government has moved to dismiss the Motion Under 2255 as both successive and time-barred, and alternatively because it has no merit.

1. **Motion for Declaratory Judgment and to Vacate Criminal Judgment and Conviction**

As to the motion filed in the criminal case, petitioner seeks a declaration pursuant to 28 U.S.C. § 2201 that marijuana is a lawful medicinal drug, and is not a controlled substance. Petitioner further seeks an Order under Fed. R. Civ. P. 60(b), based on the declaration, that the criminal judgment is void for want of jurisdiction. This motion will be denied for two reasons. One, the Rules of Civil Procedure do not apply in a criminal case and therefore the Court does not have jurisdiction to reconsider a conviction. United States v. Fair, 326 F.3d 1317 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998). The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v.

Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). Second, contrary to petitioner's belief, marijuana remains a Schedule I controlled substance. 21 U.S.C. § 812(c)(10).

**2. Motion for habeas relief under 28 U.S.C. § 2255**

Setting aside the obvious untimeliness of the motion from the February 20, 1996 Judgment, the Court finds that the motion is due to be dismissed because petitioner previously filed for collateral relief, which was denied, and has not received permission to file a second or successive motion.

To file a second or successive Motion under Section 2255, petitioner must obtain certification from the Eleventh Circuit Court of Appeals. 28 U.S.C. § 2255(h)[1]; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011), cert. denied, 132 S. Ct. 1001 (2012). Petitioner's previous request was denied, and petitioner does not indicate that he further sought or obtained

---

[1] Section 2255(h) provides that a second or successive motion must be certified to contain:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

such certification from the Eleventh Circuit. In the absence of an order authorizing the undersigned to consider a second or successive motion, the current Motion must be dismissed for lack of jurisdiction. <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003); <u>El-Amin v. United States</u>, 172 F. App'x 942, 946 (11th Cir. 2006). The government's motion to dismiss will be granted, and petitioner's motion dismissed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Declaratory Judgment and Conditional Motion to Vacate Criminal Judgment & Conviction (Cr. Doc. #611) is **dismissed** for lack of jurisdiction.

2. The government's Motion to Dismiss (Cv. Doc. #12) is **GRANTED** and petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #613) is **dismissed** for lack of jurisdiction.

3. The Clerk of the Court shall enter judgment dismissing the Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #613) for lack of jurisdiction, and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of November, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA